CLORE *v.* ZIMMERMAN.

CONTRACTS—BREACH OF CONTRACT.
> In contractor's action against plastering company for breach of contract, finding of trial court that no binding contract existed, *held,* justified by record.

Appeal from Wayne; Dunham (Major L.), J., presiding. Submitted January 12, 1933. (Docket No. 147, Calendar No. 36,930.) Decided March 2, 1933.

Action by Frank X. Clore against Frank H. Zimmerman and another, doing business as Michigan Plastering Company, for breach of a contract for building construction work. Judgment for defendants. Plaintiff appeals. Affirmed.

*Miller & Wilson* (*George B. Murphy,* of counsel), for plaintiff.

*Wm. Henry Gallagher* (*William H. Kaplan,* of counsel), for defendants.

SHARPE, J. This case was tried by the court without a jury. Findings of fact were filed, from which it was concluded that plaintiff could not recover, and a judgment was entered for the defendants, from which the plaintiff has taken this appeal.

In 1926 the plaintiff was engaged in business in Detroit as a general contractor. He specialized in the erection of residences costing $50,000 and upwards. Learning that the plaintiff was intending to bid on the erection of a home for Andrew Wineman,

the defendants, on October 23, 1926, wrote plaintiff a letter stating that they had "figures for some of the other general contractors" on the cost of lathing and plastering this residence, and offered to do the same for the sum of $5,265.

On December 3, 1926, the plaintiff wrote defendants:

"*Re* Andrew Wineman residence. Gentlemen: This is to confirm our telephone conversation of December 2, 1926, and is your authority to proceed with any preliminary work that may be necessary pending signing of contract, which will be for the sum of $5,265."

There is some dispute about the conversation over the telephone referred to in this letter. The defendants claim that they at all times insisted that a contract must be executed before they would begin work. Frank H. Zimmerman, one of the defendants, testified:

"I called Mr. Clore on the telephone I believe the following day after I received this letter and I told him I had received this letter in accordance with our conversation of the day before, but that the fact that he has requested me to proceed with preliminary work was of no interest to me unless I had the assurance in a form of a contract of doing the entire job; we were not interested in putting hangers in maybe only to find out at a later date that the profitable end of the job, the lathing and plastering was awarded to one of our competitors; and unless he could favor us with formal contracts, the terms of which were subject to our mutual agreement, that I would not proceed with any preliminary work, which I did not."

Plaintiff denies that this conversation was had. The written contract was not sent to defendants

until February 5, 1927. On being asked the cause of this delay, plaintiff testified:

"Well, due to the fact, due to the fact that I had not the written contract ready to proceed with the job, I understood, as far as the contract was concerned, he understood the job was his and he was going ahead as soon as I got to it and any time between then and the time he would actually start work on the job would be ample time for the confirmation of the contract, or the execution of the contract."

This contract covers five pages of the printed record and contains provisions which the defendants might well have insisted should be agreed upon before the work was begun. On February 5, 1927, the defendants wrote plaintiff, declining to enter into the contract for the reason, among others, that the cost was figured in October—

"And in view of the fact that we had not received a contract on same it was impossible for us to protect ourselves on material as well as other portions of the work which we let out. We also understand that this operation will not be ready for a couple of months and in checking over our figures as of today we find it will be impossible for us to accept your contract for $5,265."

They further stated that their estimate of cost as of that day was in excess of the offer made by $1,000, and that they would enter into the contract "if signed within the next 10 days" for the price of $6,265.

Plaintiff thereafter let the contract to another party for the sum of $900 in excess of defendants' first offer, and this action is brought to recover that amount.

The trial court found that no binding contract existed. This finding was based on the telephone

conversation had and the delay in tendering the contract for execution. The defendants expected to sublet parts of the work, and the contention that the cost would vary as time elapsed, and that they could not safely do so until a written contract was entered into, seems established.

In our opinion, he reached the right conclusion. The judgment is affirmed.

McDONALD, C. J., and CLARK, POTTER, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.